UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 25-2534 (DSD/DTS)

David Jefferson,

        Plaintiff,

v.                        **ORDER**

Mickele Benjamin,

        Defendant.

Plaintiff David Jefferson has initiated a civil action against defendant Mickele Benjamin. The allegations against Benjamin are not entirely clear, but it appears that Jefferson contends that Benjamin discriminated against him when he applied for housing at a facility at which Benjamin is or was an employee. See Compl. at 4. For the following reasons, this action will be dismissed without prejudice.

First, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Jefferson alleges that the court has jurisdiction over this action due to the diversity of citizenship of the parties, see 28 U.S.C. § 1332(a), but for the court to have jurisdiction over an action pursuant to § 1332(a), more than $75,000 must be at stake between the parties. Jefferson requests $10 million in monetary damages "for being homeless since 2001,"

Compl. at 4, but very little of these damages could possibly be attributable to Benjamin, who does not appear to have had any interaction with Jefferson until 2023.

Whether the court has jurisdiction over this matter is complicated by the second reason that this action must be dismissed: Jefferson's allegations are so conclusory that it is nearly impossible to tell what specifically might have happened to him that led to this lawsuit or what harm he might have suffered. Because Jefferson has applied for in forma pauperis status, his complaint is subject to preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss the complaint if the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. Jefferson's complaint is simply too inchoate to put Benjamin or the court on notice as to why Benjamin is being sued, much less what amount might be in controversy in this litigation.

Third, even if the court were to find that Jefferson had pleaded a claim for relief over which the court had jurisdiction, this case would nevertheless have been filed in the wrong venue. Under 28 U.S.C. § 1391(b),

> A civil action may be brought in—
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

2

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Jefferson's complaint is not clear about much, but it is clear that Benjamin is a citizen of Illinois and that all the events at issue in this lawsuit took place in Illinois. This action, then, should have been brought in Illinois, not Minnesota, even if Jefferson currently resides in Minnesota.

A court may dismiss <u>sua sponte</u> any action filed in the wrong venue unless "it be in the interest of justice" to transfer the action elsewhere. 28 U.S.C. § 1406(a). Given the other deficiencies of the complaint, dismissal of the action due to improper venue (rather than transfer of the action to a more appropriate venue) would be the more appropriate resolution, as Jefferson's complaint would undoubtedly be subject to dismissal by the transferee court were this case to be dismissed.

Accordingly, cased on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This action is dismissed without prejudice; and

2. The application to proceed in forma pauperis [ECF No. 2] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 23, 2025

/s David S. Doty
David S. Doty, Judge
United States District Court

4